# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:93CR134
# (formerly 3:93CR134-01-P)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| WILLIAM LONG (1), ) | |
| Defendant.[1] ) | |

**THIS MATTER** comes before the Court on the defendant's "Motion For Reconsideration Of The State Sentence Being Ran [sic] Concurrent As A Result Of The Record Not Being Silent As First Stated, Thus In Violation Of Structured Plea Agreement," filed June 8, 2005.[2]

According to the instant Motion, on March 5, 1993, the defendant was arrested and charged with Murder in the Superior Court of Mecklenburg County. However, on September 30, 1993-- that is, before the resolution of his State charge, the defendant was taken into federal custody pursuant to a Writ for the purpose of having him answer the seven drug and firearms-related charges which had been lodged against him by federal authorities on July 14, 1993.

Next, after entering guilty pleas to four of the pending federal charges on July 7, 1994,

---

[1] Although Mr. Long erroneously referred to himself as the "petitioner" and the government as the "respondent" in the caption of his document, inasmuch as this is a post-judgment Motion which was brought in his criminal case, the correct designations for Long and the government are "defendant" and "plaintiff," respectively.

[2] As stated, the defendant's Motion, in fact, was filed on June 8, 2005. However, through a docketing error in the Clerk's Office, such Motion was not referred to the undersigned until May 1, 2006.

this Court--the Honorable Robert D. Potter, presiding--held a Factual Basis & Sentencing Hearing for the defendant. On that occasion, the defendant was sentenced to a total of 144 months imprisonment. At the conclusion of his federal case, the defendant was returned to State authorities for a resumption of his Murder prosecution.

To that end, on February 10, 1995, the defendant pled guilty to a reduced charge of Assault with a Deadly Weapon and Inflicting Serious Injury in the Superior Court of Mecklenburg County. On that occasion, the State Court sentenced the defendant to a term of 10 years confinement "to run concurrently with any sentence (including [the] federal sentence) that [defendant was] presently serving."

Although it is not clear from the defendant's Motion or from the record of this matter, at some point in 1999 this Court must have denied some type of post-judgment request from the defendant for a "nunc pro tunc designation," presumably relating to how his federal and State sentences were being served. Now, by the instant Motion, the defendant is asking the Court to reconsider that decision. Suffice it to say, however, this Motion must be denied.

First, as has been alluded to, there is no indication on the docket sheet of the defendant's criminal case that either the request for "nunc pro tunc designation" or a corresponding Order ever was filed. Thus, the Court has no basis upon which to grant the defendant's request for a reconsideration.

Second and equally critically, the record does establish that this Court's federal sentence preceded the State court's imposition of its sentence. Consequently, any concerns about whether or not that second sentence can be served concurrently with this Court's sentence should be directed either to State court authorities or the Federal Bureau of Prisons, not at this Court.

2

Finally, to the extent that the defendant has failed to articulate exactly what relief he is seeking by this Motion, the same must and shall be **DENIED**.

**SO ORDERED**.

Signed: August 9, 2006

Richard L. Voorhees
United States District Judge